Succession of Brown.

No. 7049.

SUCCESSION OF J. N. BROWN. ON APPLICATION FOR THE APPOINTMENT OF AN ADMINISTRATOR.

Where the final account of an executrix has been filed, opposed, amended, homologated as amended, and that judgment appealed, and the heirs have proceeded to a judicial partition of the property, and pending the appeal from the judgment on the account, a rule is taken on the executrix to give additional security, and failing to do so, the mover in the rule prays to be appointed dative executor, the court will hold that the interests of the succession do not require his appointment.

APPEAL from the Parish Court of Iberville.   CROWELL, J.

*A. & E. B. Talbot* for mover in rule.   *Barrow & Pope* for executrix.

MANNING, C. J.   James N. Brown died eighteen years ago, and as might be reasonably expected, his will has had several executors — dative executors having been appointed by the court after the death of those named in the will.

The last was Julia A. Ventress, who filed her final account, which being opposed, was amended and homologated, and is now pending on appeal.   The heirs have also proceeded to a judicial partition of the succession, and that matter is about to be finally determined.

Just as this protracted administration is approaching its close, Isaac D. Brown took a rule upon Mrs. Ventress to require her to give additional security, and the court so ordered, and the security not having been given, the same party applied to be appointed dative executor in her stead, and was appointed.

If the interests of the succession required it, we should add one more to the list of its representatives, but it is insisted by the counsel for Mrs. Ventress that the succession is closed, and there is no need of further adminstration.

The counsel for the applicant very properly and candidly submit that question to our determination, being content that it shall be so adjudged if the facts disclosed in the record justify it.

A judgment of partition has been rendered, and under it, the remaining property of the deceased has been sold.   No administrator or executor is needed for the purpose of perfecting that partition.   Boutte's Case, 30 La. Ann. 124.   The judgment on the executrix' account, and the oppositions thereto, when it becomes final, will dispose of every question that can affect the succession, and the expense of further commissions to another executor can be saved.

*Judgment reversed and for appellant.*